Case 1:14-cv-01918-ABJ   Document 1   Filed 11/14/14   Page 1 of 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GWENDOLYN M. BALDWIN<br>1427A 1st Street, N.W.<br>Washington, D.C. 20001,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICK J. CHRISTMAS &<br>ASSOCIATES, P.C.<br>8403 Colesville Road, Suite 640<br>Silver Spring, MD 20910,<br><br>and<br><br>PATRICK J. CHRISTMAS, ESQ.,<br>6219 Garnett Dr.<br>Chevy Chase, MD 20815,<br><br>    Defendants. | Case No.: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Gwendolyn M. Baldwin, ("Plaintiff"), through her undersigned counsel, brings this action against defendants Patrick J. Christmas & Associates, P.C. and Patrick J. Christmas ("Christmas") (collectively, "Defendants") to redress loss she has suffered as a result of Christmas' legal malpractice in his representation of her during her negligence case against the District of Columbia (the "District").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants were doing business in the District of Columbia during the relevant time period and the negligent and intentional acts alleged in this case took place in the District of Columbia.

3. Plaintiff has suffered significant injuries to her knees and back. She has had one surgery to date, but has experienced pain and suffering throughout her body which is permanent in nature.

## PARTIES

4. Plaintiff is an adult resident of Washington, D.C. and was, during all relevant times, a client of Defendants.

5. Patrick J. Christmas & Associates, P.C. is a professional corporation that is a law firm located at 8403 Colesville Road, Suite 640, Silver Spring, MD 20910 and regularly does business in the District of Columbia.

6. Christmas is a lawyer practicing law in the District of Columbia and a resident of Maryland.

## FACTUAL BACKGROUND

7. On or about January 22, 2009, Plaintiff was a passenger on a Metrobus when it was hit by a vehicle owned and operated by the District (the "Accident").

8. Plaintiff suffered serious injuries as a proximate cause of the Accident.

9. Marc E. Rankin, M.D., Plaintiff's treating orthopedic surgeon, determined that Plaintiff had experienced a meniscus tear in her right knee because of the Accident. Surgery on Plaintiff's right knee was necessary to correct Plaintiff's injury.

10. Plaintiff now has a long-term permanent impairment of her spine due to the injuries sustained from the Accident. Plaintiff also has severe pain in both knees due to the Accident. Prior to the Accident, Plaintiff did not have any knee pain.

11. Plaintiff retained Defendants to file a negligence lawsuit against the District.

12. On October 7, 2010, Defendants instituted Plaintiff's lawsuit against the District in the Superior Court of the District of Columbia.

13. During the lawsuit, Defendants failed to designate Dr. Rankin as an expert witness and to obtain from Dr. Rankin any affidavits, opinions, or deposition testimony concerning the cause of Plaintiff's injuries. Defendants also did not designate any other individual as a medical expert witness or obtain from anyone else affidavits, opinions, or deposition testimony concerning the cause of Plaintiff's injuries.

14. On September 19, 2011, the District filed a motion for summary judgment.

15. Defendants neglected to file an opposition to the District's motion for summary judgment.

16. On October 14, 2011, Judge John R. Johnson granted the District's motion for summary judgment and subsequently dismissed Plaintiff's case with prejudice. Judge Johnson found that Plaintiff had "failed to designate a medical expert to testify" about causation, and "[t]here is no evidence that the accident, on its face and without expert testimony, could cause the types of injuries that [Plaintiff] alleges." "[W]ithout expert medical testimony," Plaintiff was "unable to demonstrate that the accident and [the District of Columbia's] alleged negligence, proximately caused [her] injuries."

17. Judge Johnson further found that Plaintiff had not filed an opposition to the District's motion for summary judgment, so there was no evidence of causation from any source.

18. Plaintiff appealed Judge Johnson's decision to the District of Columbia Court of appeals. The District of Columbia Court of Appeals affirmed Judge Johnson's decision on July 9, 2014.

19. Defendants never informed Plaintiff that he made a mistake in her case, the nature of the mistake, or of Plaintiff's right to obtain new counsel and sue Defendants for negligence. Such failure to inform Plaintiff was in willful or reckless disregard of her rights and a serious disregard of Defendants' duty to Plaintiff making punitive damages appropriate.

## COUNT I
## (LEGAL MALPRACTICE)

20. Paragraphs 1-19 are incorporated by reference as though fully set forth herein.

21. Defendants' represented Plaintiff as counsel in her negligence lawsuit against the District.

22. Defendants had a duty to use such skill, prudence, and diligence as a member of the legal professional commonly possess and exercises, in providing legal services to Plaintiff.

23. Defendants' failure to designate an expert and/or submit evidence from Dr. Rankin or any other medical provider demonstrating that the District caused Plaintiff's injuries fell below the standard of care.

24. In addition, Defendants' failure to file an opposition to the District's motion for summary judgment fell below the standard of care.

25. As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered injury including losing her negligence case against the District.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

4

a. Compensatory damages in an amount of at least $2 million dollars against each defendant plus interest;

b. $2 million dollars in punitive damages;

c. Attorneys' fees and costs; and

d. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: November 14, 2014					Respectfully Submitted,

*/s/ Michael A. Tilghman II*

_____
Michael A. Tilghman II (DC #988441)
James C. Bailey (DC # 462391)
BAILEY & EHRENBERG PLLC
1015 18th Street N.W.
Suite 204
Washington, D.C.  20036
T: (202) 331-1331
F:  (202) 318-7071
jcb@becounsel.com
mat@becounsel.com

and

Michael M. Wilson, M.D., J.D. (DC # 941674)
Michael M. Wilson & Associates
1120 19th Street, N.W.
Suite LL11
Washington, D.C. 20036
T: (202) 223-4488
F: (202) 280-1414
Wilson@wilsonlaw.com

*Counsel for Plaintiff*